UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERNON J. TATUM, JR.                                    CIVIL ACTION

VERSUS                                                  No. 23-6184

UNITED STATES OF AMERICA                                SECTION I

## ORDER & REASONS

Before the Court is the government's motion[1] to dismiss all claims against the U.S. Department of Treasury (the "Treasury") and the U.S. Social Security Administration (the "SSA") in this matter pursuant to Federal Rule of Civil Procedure 12(b)(1). *Pro se* plaintiff Vernon J. Tatum, Jr. ("plaintiff") has not filed a response, and the deadline for doing so has passed.[2]  The Court specifically advised plaintiff that failure to file a response by April 19, 2024 may result in dismissal of his claims against the Treasury and the SSA.[3] For the reasons set forth below, the Court grants the government's motion to dismiss.

## I.   BACKGROUND

This matter arises from loans that plaintiff received from the Small Business Administration (the "SBA"). Plaintiff alleges that he was approved for and received $45,000 in loans in June 2006.[4] In March 2023, plaintiff alleges that he discovered

---

[1] R. Doc. No. 20.

[2] Pursuant to Local Rule 7.5, plaintiff's response was due on April 9, 2024. This Court granted plaintiff's request for an extension of time to file a response until April 19, 2024. R. Doc No 22 (plaintiff's motion); R. Doc. No. 23 (Court's order granting motion).

[3] R. Doc. No. 23.

[4] R. Doc. No. 1-1, at 1. The Court notes that plaintiff filed an "Application for Preliminary Injunction and Order to Vacate Garnishment" instead of a complaint.

that his social security benefits were being garnished for failure to make timely payments on his SBA loans.[5] Plaintiff asserts that this garnishment is wrongful because the billing statements were not timely sent to his current address.[6] Plaintiff seeks an injunction and an order vacating the garnishment.[7]

Plaintiff named the SBA, the Treasury, and the SSA as defendants.[8] The United States now moves to dismiss the claims against the SSA and the Treasury for lack of subject matter jurisdiction.[9] The government argues that courts have consistently held that plaintiff's claims can only be properly brought against the SBA.[10]

## II.    STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted).

---

Because plaintiff is proceeding *pro se*, the Court liberally construes this filing. *See Jennings v. Towers Watson*, 11 F.4th 335, 341 (5th Cir. 2021) ("A pro se litigant's pleadings are construed liberally.") (quoting *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021)).

[5] *Id.* at 1.
[6] *Id.* at 3.
[7] *Id.* at 4.
[8] R. Doc. No. 1, at 1.
[9] R. Doc. No. 20.
[10] R. Doc. No. 20-1, at 1.

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* "The question of whether the United States has waived sovereign immunity . . . goes to the court's subject-matter jurisdiction ... and may therefore, be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. U.S. ex rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## III.   ANALYSIS

The Debt Collection Improvement Act "authorizes the [ ] Treasury to operate debt collection [through] the Treasury Offset Program." *Hughes v. United States*, No. CIV.A. 14-0998, 2015 WL 4477961, at *2 (E.D. La. July 22, 2015) (Feldman, J.); *see*

*also* 31 U.S.C. § 3711(g). "[The] Treasury disburses federal payments as the disbursing agency for federal agencies making federal payments, and federal agencies which are owed debts are required to refer those debts to [the] Treasury for inclusion in the Treasury Offset Program." *Id.* "Once a debt is submitted for administrative offset, [the] Treasury, as the disbursing agency and operator of the Treasury Offset Program, is required to offset a payment to satisfy the debt." *Id.*

Based on the allegations in plaintiff's application, plaintiff's social security benefits were offset due to his alleged failure to pay the debts he owed to the SBA.[11] Accordingly, the SBA was the agency that certified his debts to the Treasury for inclusion in the Treasury Offset Program. Section 6402(g) of Title 26 of the U.S. Code "explicitly reserves [a] plaintiff's ability to sue agency-claimants directly, but it prohibits suits against [the Treasury] merely for carrying out its statutory obligation to collect debts that agencies refer to it." *Dasisa v. Dep't of Treasury*, 951 F. Supp. 2d 45, 46 (D.D.C. 2013). Therefore, as noted by the United States,[12] the SBA is the appropriate defendant for claims pursuant to the Debt Collection Improvement Act because it is the creditor agency.

"Congress has specifically denied federal courts jurisdiction to decide challenges to [Treasury] offsets of th[e] kind [authorized in 31 U.S.C. §§ 3711(g) and 3716(a)]." *Dasisa*, 951 F. Supp. 2d at 46. Accordingly, plaintiff has not demonstrated that this Court has subject matter jurisdiction over his claims against the Treasury,

---

[11] R. Doc. No. 1-1, at 1–2.
[12] R. Doc. No. 20-1, at 8.

and the Court will dismiss those claims. *See e.g., Davis v. United States Dep't of the Treasury*, 2021 WL 1216111 (M.D. La. Feb. 25, 2021), *report and recommendation adopted*, 2021 WL 1206591 (M.D. La. Mar. 30, 2021) (dismissing claims against the Treasury with respect to offsets made pursuant to Treasury Offset Program for lack of subject matter jurisdiction).

Similarly, the Court does not have subject matter jurisdiction over the claims against the SSA. As discussed, "[a] payee has no claim for non-payment as a result of the administrative offset under 31 U.S.C. § 3716(c)." *Hughes*, 2015 WL 4477961, at *3; *see also* 31 U.S.C. § 3716(c) ("Neither the disbursing official nor the payment certifying agency shall be liable . . . for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before the administrative offset was taken, was not satisfied."). Therefore, plaintiff has not demonstrated that this Court has jurisdiction over the claims against the SSA, and these claims will also be dismissed. *See e.g., Phillips v. Soc. Sec. Admin.,* 2019 WL 1438296 (N.D. Ind. Mar. 29, 2019) (dismissing claims against the SSA for lack of subject matter jurisdiction because the plaintiff's cause of action was against the creditor agency and not the SSA).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED.** Plaintiff's claims against the Treasury and the SSA are **DISMISSED**

**WITHOUT PREJUDICE**. Plaintiff's claims against the SBA remain before this Court.

New Orleans, Louisiana, April 22, 2024.

                    **LANCE M. AFRICK**
           **UNITED STATES DISTRICT JUDGE**