UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VERNON J. TATUM, JR.**     **CIVIL ACTION**

**VERSUS**     **No. 23-6184**

**UNITED STATES OF AMERICA**     **SECTION I**

## ORDER & REASONS

Before the Court is *pro se* plaintiff Vernon J. Tatum, Jr.'s ("plaintiff") motion[1] for a preliminary injunction. The Small Business Administration (the "SBA") opposes the motion.[2] For the reasons set forth below, the Court denies plaintiff's motion.

### I. BACKGROUND

This matter arises from loans that plaintiff received from the SBA.[3] Plaintiff alleges that he was approved for and received $45,000 in loans in June 2006.[4] In March 2023, plaintiff asserts that he discovered that his social security benefits were being garnished for failure to make timely payments on his SBA loans.[5] Plaintiff contends that this garnishment is wrongful because the billing statements were not

---

[1] R. Doc. No. 27.
[2] R. Doc. No. 31.
[3] R. Doc. No. 25 (this Court's order granting the U.S. Department of Treasury's (the "Treasury") and the U.S. Social Security Administration's (the "SSA") motion to dismiss), at 1.
[4] *Id.* (noting that plaintiff filed an "Application for Preliminary Injunction and Order to Vacate Garnishment" instead of a complaint but construing the filing liberally because plaintiff was proceeding *pro se*).
[5] *Id.* at 2.

1

2

timely sent to his current address.[6] Plaintiff seeks an injunction and an order vacating the garnishment.[7]

Plaintiff named the SBA, the Treasury, and the SSA as defendants.[8] This Court dismissed the claims against the Treasury and the SSA for lack of subject matter jurisdiction.[9] Accordingly, plaintiff's only remaining claims are against the SBA.[10]

As mentioned, plaintiff filed a motion for a preliminary injunction.[11] In that motion, plaintiff argues that his social security benefits are being garnished illegally.[12] Plaintiff also suggests that a three-judge panel is required to decide his motion.[13] He also contends that recusal is required because the Court is retaliating against him after the U.S. Fifth Circuit Court of Appeals reversed and remanded this Court's judgment in 2012.[14]

In response, the SBA argues that preliminary injunctions are not available against the SBA.[15] The SBA also contends that plaintiff has failed to exhaust his administrative remedies pursuant to the Treasury Offset Program.[16] Finally, the

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 5.
[10] *Id.* at 6.
[11] R. Doc. No. 27.
[12] *Id.* at 3.
[13] *Id.*
[14] *Id.*
[15] R. Doc. No. 31, at 6.
[16] *Id.*

SBA argues that plaintiff has not satisfied the requirements for a preliminary injunction and, therefore, his request should be denied.[17]

## II. LAW AND ANALYSIS

As a preliminary matter, the Court will address plaintiff's argument that recusal is required. Plaintiff references the Fifth Circuit's opinion issued in May 2012 as the only basis for recusal. In a previously filed matter, this Court dismissed plaintiff's claims "for lack of subject-matter jurisdiction after finding that [plaintiff] failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a)." *Tatum v. United States*, 465 F. App'x 313, 314 (5th Cir. 2012).[18] The Fifth Circuit reversed and remanded the judgment, explaining that this Court was "correct that [plaintiff] cannot bring his claim under the FTCA," but remanded for the Court to consider whether 15 U.S.C. § 634(b) constituted a waiver of the SBA's immunity. *Id.* at 315.[19]

It appears that plaintiff is arguing that recusal is appropriate because the undersigned is retaliating against plaintiff because this Court's decision was reversed by the Fifth Circuit. Plaintiff does not cite to a specific statutory provision as the basis

---

[17] *Id.* at 8.

[18] Plaintiff's previous lawsuit concerned allegations that the SBA "intentionally forward[ed] its monthly billing statements, dated and metered postmarked after the due date[,] to generate additional interest and/or subject [plaintiff] to a state of delinquency." *Tatum*, 465 F. App'x at 314.

[19] Following remand, this Court ordered plaintiff to "inform the Court of his intended cause(s) of action, including whether he intends to assert a claim for breach of contract, on or before October 31, 2012." R. Doc. No. 25. On November 7, 2012, this Court dismissed plaintiff's complaint without prejudice after he failed to file a response pursuant to the Court order. R. Doc. No. 26. Plaintiff appealed, and the Fifth Circuit affirmed this Court's judgment. R. Doc. Nos. 28, 30.

3

for his recusal motion, nor does plaintiff provide any specific facts supporting his claim of retaliation.

28 U.S.C. § 144 states in relevant part that: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144 also provides that such an affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists." "'Section 144 relates only to charges of actual bias,' and '[o]nce the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter asserted.'" *Casby v. St. Charles Par. Sheriff's Off.*, No. CIV.A. 14-1706, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (Fallon, J.) (quoting *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir.1990)).

The Court notes that plaintiff has not filed a timely and sufficient affidavit stating the basis for recusal. Additionally, plaintiff has not stated with particularity the grounds for recusal. [20] Therefore, the Court will not recuse itself pursuant to 28 U.S.C. § 144.

---

[20] As the Supreme Court has made clear, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

4

Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This provision aims 'to avoid even the appearance of partiality.'" *Price v. Irons*, No. CV 19-11451, 2020 WL 3051897, at *2 (E.D. La. June 8, 2020) (Vance, J.) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)). "The statute also enumerates, under Section 455(b), specific scenarios in which a judge must recuse [himself]." *Id.* "Under Section 455(b)(1), for instance, a judge must disqualify himself '[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)).[21]

"The Supreme Court has explained that § 455(a) is 'evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.'" *Austin v. CHC Dev. II, LLC*, No. CV 20-506, 2020 WL 8996786, at *1 (E.D. La. Mar.

---

[21] As Judge Vance explained in *Price,* 2020 WL 3051897, at *2:
> Despite the[ ] procedural differences, "[s]ubstantively, the modern sections 144 (motions for disqualification) and 455 (duty of judge to recuse himself) are 'quite similar, if not identical.'" *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989) (quoting *Chitimacha*, 690 F.2d at 1165). For instance, under both analyses, a court should consider whether a "judge's views are 'extrajudicial.'" *See Tejero v. Portfolio Recovery Assocs., L.L.C.*, No. 18-50661, 2020 WL 1671558, at *7 (5th Cir. Apr. 6, 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). Views that are not extrajudicial—that is, those "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings"— "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* (quoting *Liteky*, 510 U.S. at 555).

26, 2020) (Barbier, J.) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "However, the appearance of partiality is determined from the viewpoint of a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Id.* (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). "Finally, the origin of a judge's alleged bias is of critical importance." *Id.* "Under the so-called 'extrajudicial source doctrine,' 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Litkey*, 510 U.S. at 555).

"[Plaintiff] fails to allege any facts that would lead a reasonable person to question this Court's impartiality." *See Casby*, 2014 WL 6684947, at *3. "Moreover, his complaints do not demonstrate 'favoritism or antagonism that would make fair judgment impossible.'" *See id.* (quoting *Liteky*, 510 U.S. at 555–56). "[Plaintiff's] claims of judicial bias do not meet the objective person standard; a reasonable person would not question this Court's impartiality based on those facts." *See id.*

Accordingly, the plaintiff has not alleged sufficient facts to meet the § 455(a) standard, and this Court will not recuse itself pursuant to § 455(a). Similarly, "there is not a basis for recusal [pursuant to § 455(b)(1)] due to plaintiff's subjective belief of

6

bias or prejudice," and the Court will not recuse itself pursuant to 28 U.S.C. § 455(b)(1). *Price,* 2020 WL 3051897, at *4.

Next, plaintiff suggests that this matter should be decided by a three-judge panel pursuant to 28 U.S.C. § 2284. 28 U.S.C. § 2284 requires that a three-judge panel be convened "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff has not identified an Act of Congress requiring that this matter be judged by a three-judge panel, and this matter does not concern the apportionment of congressional districts or statewide legislative bodies. Therefore, the Court finds this argument to be without merit.[22]

Finally, plaintiff requests an injunction to stop the garnishment of his social security benefits. As previously discussed, the only remaining defendant in this matter is the SBA. As noted by the SBA,[23] 15 U.S.C. § 634(b)(1) precludes issuing an injunction against the SBA. The Fifth Circuit has made clear that "all injunctive relief directed at the SBA is *absolutely prohibited.*" *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840 (5th Cir. 2020) (emphasis in original) (quoting *Enplanar,*

---

[22] R. Doc. No. 27, at 3. From plaintiff's briefing, it is unclear whether plaintiff is presently seeking a three-judge panel or arguing that the failure to utilize a three-judge panel is grounds for recusal. While the Court is mindful that a *pro se* plaintiff's filings are liberally construed, because the Court finds that there is no reason for this matter to be heard before a three-judge panel, neither argument is meritorious.
[23] R. Doc. No. 31, at 6.

7

*Inc. v. Marsh*, 11 F.3d 1284, 1290 n.6 (5th Cir. 1994)). Accordingly, plaintiff's motion for an injunction will be denied.[24]

While the Court construes plaintiff's complaint liberally, plaintiff has only sought injunctive relief. Because the Court finds that plaintiff is not entitled to the injunctive relief he seeks, his complaint shall be dismissed.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion for a preliminary injunction and plaintiff's request for recusal are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, June 24, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] Because the Court finds that an injunction is not an available remedy against the SBA, the Court need not address the SBA's arguments with respect to plaintiff's failure to exhaust administrative remedies and plaintiff's likelihood of success on the merits.