## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VERNON J. TATUM, JR.**                                        CIVIL ACTION

**VERSUS**                                                      No. 23-6184

**UNITED STATES OF AMERICA**                                    SECTION I

### ORDER & REASONS

Before the Court is plaintiff Vernon J. Tatum's motion[1] for leave to proceed in forma pauperis ("IFP") on appeal. For the following reasons, the Court denies the motion.

### I.     FACTUAL BACKGROUND

This matter arises from loans which plaintiff received from the Small Business Administration ("SBA"). Plaintiff alleges that he discovered his social security benefits were being garnished for failure to make timely payments on his SBA loans.[2] He contends that the garnishment is wrongful because the billing statements were not timely sent to his current address.[3] Plaintiff therefore filed an application for preliminary injunction to vacate the garnishment against the U.S. Department of the Treasury ("Treasury"), the U.S. Social Security Administration ("SSA"), and the SBA.[4] He also filed a motion[5] to proceed IFP, which was granted[6].

---

[1] R. Doc. No. 35.
[2] R. Doc. No. 32, at 1.
[3] *Id.* at 1–2.
[4] R. Doc. No. 1.
[5] R. Doc. No. 2.
[6] R. Doc. No. 3.

This Court dismissed all claims against the defendants in two separate orders. In the first, the Court dismissed the claims against the Treasury and the SSA because this Court lacks subject matter jurisdiction over claims against those defendants.[7] In the second, this Court dismissed the remaining claims against the SBA because plaintiff only requested injunctive relief, which is expressly prohibited by 15 U.S.C. § 634(b)(1).[8]

Plaintiff then filed a notice of appeal[9] as well as the instant motion[10].

## II.   ANALYSIS

Generally, "[a] party who was permitted to proceed in forma pauperis in the district-court action, may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). However, a party may not proceed IFP on appeal if the appeal is "not taken in good faith." *Id.* 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if . . . it is not taken in good faith."). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotations omitted). A nonfrivolous issue "involves legal points arguable on their merits." *Id.* (quotations omitted).

The Court does not identify any nonfrivolous issues involved in plaintiff's appeal. The same infirmities that preclude a federal court from exercising subject

---

[7] R. Doc. No. 25.
[8] R. Doc. No. 32, at 7–8.
[9] R. Doc. No. 34.
[10] R. Doc. No. 35.

matter jurisdiction over his claims or from granting his prayed-for relief likewise plague his appeal. *See Foster v. White House*, No. CV 22-4377, 2023 WL 2941462, at *1 (E.D. La. Mar. 1, 2023) (Africk, J.). Consequently, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, the Court certifies that plaintiff's appeal is not taken in good faith. Pursuant to Federal Rule of Appellate Procedure 24(a)(5), he may "file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of this denial.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to proceed IFP on appeal is **DENIED**.

New Orleans, Louisiana, August 27, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**